SAUER v. BRINKER, *Appellant.*

**Parol evidence:** ITS ADMISSIBILITY. In an action for money paid to the use of defendant, it appeared that plaintiff had been obliged to pay a note made by one B. and indorsed by plaintiff at B.'s request. Defendant's name did not appear upon the note; but parol evidence was admitted to show that in obtaining plaintiff's indorsement B. was acting as defendant's agent. *Held,* that there was no error in admitting this evidence.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Crews & Booth* for appellant.

*John R. Martin* for respondent.

MARTIN, C.—In this action the plaintiff sued for the recovery of $105.87 paid to the use of defendant.

It is alleged in the petition that one Henry Bertelsman was the agent of defendant and had sole charge of a

furniture and undertaking business, carried on by defendant in the town of Washington; that said Bertelsman executed his promissory note of the 12th of October, 1875, for the sum of $175, payable in forty-five days from date, to his own order; that said Bertelsman indorsed the same, and after procuring the indorsement of one Hanneken, presented the same for indorsement to plaintiff, and as agent of defendant represented that he desired to procure the indorsement of plaintiff on the note, to the end that the same might be negotiated at bank for the purposes of defendant's business carried on as aforesaid; that upon the faith of said representations, and upon the credit of defendant, the plaintiff indorsed said note; that the same was negotiated for the purposes of defendant's business; that these acts of said Bertelsman, as his agent, were ratified by defendant; that when said note became due and payable, it was dishonored and protested for non-payment; that the holder of it instituted suit thereon against the plaintiff and the other indorser, and recovered judgment against both; and that the plaintiff was compelled to pay the sum sued for, as his share of the liability.

The answer contains a specific denial of all the allegations of the petition. It then goes on to admit that some time prior to October, 1875, the defendant verbally authorized said Bertelsman to sell and close out a remnant of stock of furniture belonging to defendant, and for that purpose permitted him to use defendant's name to purchase certain articles to fill up and close the business without loss, but with the express understanding that he should not be required to pay for additions made to said stock, and that the same should be paid for by the said Bertelsman himself; and that this arrangement constituted the only arrangement he ever had with Bertelsman in connection with the furniture business.

The case was tried by the court without the intervention of a jury. The only controversy of fact in the case, relates to the agency of Bertelsman in making the note,

procuring the indorsement and obtaining the money; whether he did this for himself or for the defendant. It is unnecessary to review the evidence, for there is abundance of it on both sides of the controversy, enough at least to justify instructions or declarations of law on all points upon which they were given. The court rendered a judgment for the plaintiff in the sum claimed, and the only matter to be determined on this appeal is, whether the action of the court in respect to the admission of oral evidence and the giving of the instructions based upon it, is proper.

Two instructions were given at the instance of plaintiff to the effect: 1st, That if the plaintiff indorsed the note by reason of representations made to him by Bertelsman, to the effect that said indorsement was to be used by him as agent of defendant, for the purposes of defendant's business, of which Bertelsman had charge, and that at this time said Bertelsman was the authorized agent of defendant, and that borrowing money for the business was within the scope of the authority of said Bertelsman as agent, and that as such agent Bertelsman was carrying on, for defendant, the furniture business, or was using defendant's name in said business by defendant's permission, and that plaintiff was compelled to pay the note at suit of the holder, then the plaintiff was entitled to recover. 2nd, If Bertelsman was the agent of defendant and in charge of his business, and the defendant, after indorsement by plaintiff and before maturity, and after full knowledge of the facts, notified plaintiff not to indorse again for Bertelsman, and agreed to pay said note, then such conduct of defendant tended to show a ratification of the act of Bertelsman in procuring said indorsement; and if such act was ratified the issues should be found for plaintiff.

The defendant asked four instructions, three of which were given, and the fourth refused. The first was to the effect that no recovery could be had unless the evidence showed that Bertelsman was agent, and it was within the

scope of his agency to borrow money for the use of the business, and this money was for such use; or that being agent, Brinker afterward ratified his act. The second was to the effect that before the plaintiff could recover, the court must believe from the evidence that Bertelsman was the agent of defendant in the business of defendant, and that it was within the scope of his agency to make and discount the note sued on, or that defendant subsequently ratified the act of Bertelsman as agent and thereby assumed the payment of the note or rendered himself liable therefor. The third was that if Sauer had reasonable notice or information that the agency had been disavowed and denied by appellant, and with such notice indorsed the note, then the appellant was not liable, unless he afterward made himself so. The fourth was that if such an agency was proven as did not authorize borrowing money, giving and discounting notes, the subsequent alleged promise of appellant to pay the note was within the statute of frauds, being the promise to pay the debt of another not in writing.

In lieu of the last refused, the court, of its own motion, gave an instruction to the effect, that though the evidence showed that Brinker made a parol promise to pay the note, yet if Bertelsman was not agent of defendant when the note was made, then the debt was Bertelsman's, and Brinker's promise is within the statute of frauds.

The first point urged by counsel of appellant is, that the court erred in allowing oral evidence of agency to contradict the purport and terms of the note. Perhaps, in an action against the defendant on the note itself, this objection would be good. The defendant's name is not on the note, nor is there anything in the language of the note from which it might be implied that any one outside of the paper was intended to be bound by it. The action is for money paid out to the use of defendant. And the note, as well as the use of it, constituted a portion of the facts going to sustain this action. If the plaintiff had indorsed

the note of any other person than the defendant or his agent, at the instance and request of the defendant for the purpose of raising funds for the use of defendant in his business, and had been compelled to pay the note on which the funds were realized, his right of action for the money so paid out to the defendant's use would be complete.

It may be remarked that the note in this case, while it was signed by Bertelsman, was also payable to his order; that upon the faith of plaintiff's indorsement he obtained the amount of it from the bank in 'Washington for the purpose of carrying on the defendant's business, and that it was by him, as defendant's agent, used in that business. The note was payable to Bertelsman, who was the defendant's agent, the money borrowed from the bank on the faith of it was received by such agent, and was used in the defendant's business. Such was the evidence submitted by the plaintiff, and the legal effect of it is not escaped by the statement of Bertelsman on cross-examination, that the money so applied and used in defendant's business, took the place of funds which he had withdrawn from the business, and used in repairs upon the house on the premises where the business was carried on, and for furniture purchased to fit up the house. When plaintiff indorsed the note upon which the money was borrowed, he was informed by Bertelsman that the money was for the use of defendant's business.

The objection that there is no evidence in the record tending to prove that Bertelsman acted in truth as the agent of defendant in obtaining the indorsement of plaintiff and in obtaining the money on that indorsement, is not well taken. The evidence of plaintiff himself, Bertelsman and Hanneken is clearly to that effect, and the existence of such evidence is assumed in the instructions given at the instance of both parties. The same is true in respect to the matter of ratification, about which both sides asked and received instructions. The evidence that defendant, instead of repudiating the act of Bertelsman in obtaining

the indorsement of plaintiff, agreed to pay the note, coupled with the further evidence that the money borrowed actually went into the business of defendant, goes strongly to sustain a ratification of the transaction, after full knowledge of its material facts. I am unable to perceive any valid objection to the declarations of law given at the instance of plaintiff, and none other than I have noticed already relating to the admission of oral evidence have been brought to our attention. All the declarations asked by defendant were given, except the fourth; and the one given by the court in lieu of it was substantially as favorable to defendant as the one he asked. The judgment is affirmed. All concur.